UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY RAINS, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCTAPHARMA PLASMA, INC.,<br><br>Defendant. | Case No. 1:25-cv-00638-JLT-CDB<br><br>ORDER DENYING PARTIES' STIPULATED REQUEST TO CONTINUE CLASS CERTIFICATION DEADLINES<br><br>(Doc. 16)<br><br>ORDER VACATING MID-DISCOVERY STATUS CONFERENCE |

Plaintiff Brittany Rains ("Plaintiff") initiated this putative class action with the filing of a complaint on April 25, 2025, in Kern County Superior Court, Case No. BCV-25-101509. (Doc. 1). Defendant Octapharma Plasma, Inc. ("Defendant") removed the case to this Court on May 28, 2025. *Id.*

On August 25, 2025, the Court entered the operative class certification scheduling order setting forth discovery and motion for class certification filing dates and deadlines, including relevant here, the mid-discovery status conference set for March 20, 2026. (Doc. 11).

Pending before the Court is the parties' joint mid-discovery conference status report and stipulated request to continue class certification deadlines, filed on March 13, 2026. (Doc. 16). The parties represent that on October 8, 2025, the parties agreed to participate in a private mediation and agreed without leave of Court to stay formal discovery and proceed with an informal discovery exchange "in an effort to facilitate productive settlement negotiations[.]" *Id.* ¶¶ 4-5. Because

1

counsel for Defendant had encountered difficulties in obtaining "the data necessary to meaningfully prepare for mediation[,]" the parties agreed to postpone the upcoming mediation to April 16, 2026, and counsel for Defendant has indicated that upcoming mediation date would also need to be rescheduled. *Id.* ¶¶ 6, 7. The parties represent that at this time, "Defendant has yet to produce any purported class member pay or timekeeping data in this case" and Defendant contends that "these difficulties would also affect the retrieval of data that would typically be requested in formal discovery." *Id.* ¶ 7. The parties wish to pursue mediation and efforts at informal resolution and therefore stipulate and request the Court continue all hearing dates associated with Plaintiff's anticipated class certification motion by approximately eight (8) months. *Id.* ¶¶ 8, 9. Counsel for Plaintiff declares good cause exists because continuing discovery deadlines will preserve the parties ability to engage in meaningful settlement negotiations "without the pressure of imminent discovery cutoffs[,]" the mediation, if successful, would save the parties and the Court significant time and resources, the "requested continuance is modest in scope and will not unduly delay the resolution of this matter if mediation is unsuccessful[,]" and no party will be prejudiced by the "brief extension[.]" (Doc. 16-1, Declaration of Kyle D. Smith ("Smith Decl.") ¶ 7).

**Governing Legal Standard**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties

must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id.* If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

### Discussion

On August 25, 2025, the Court entered the operative scheduling order that largely adopted Plaintiff's proposed case management dates. *See* (Docs. 9, 11). That order made clear the Court considered the deadlines "firm" not to be adjusted absent a showing of good cause. *See* (Doc. 11 at 5). Notwithstanding this, the parties now report more than six months later that they unilaterally agreed without leave of Court to disregard discovery deadlines, purportedly "to facilitate productive settlement negotiations." (Doc. 16 ¶ 5). Although the parties represent that good cause exists to grant their request because they seek to preserve their ability to engage in meaningful settlement negotiations "without the pressure of imminent discovery cutoffs," Defendant reportedly has failed to troubleshoot its apparent inability to collect and produce ESI—data characterized by the parties as "necessary to meaningfully prepare for mediation" (Doc. 11 ¶ 6)—and Plaintiff has elected not to comply with the Court's order to "promptly" seek a conference with the Court given Defendant's failure to produce discovery.

Plaintiff's counsel goes so far as to assert that the "[Court-imposed] deadlines conflict with the Parties' efforts to informally resolve the case through the mediation process." Smith Decl. ¶ 5. Counsel has it exactly backwards: it is the operative scheduling order that governs the litigation of this case, not the parties' preference to save costs and resources through informal dispute resolution. Nor does the Court share counsel for Plaintiff's characterization that the requested eight-month extension is "modest in scope" given this case was scheduled over six months ago with fact

3

discovery set to close in less than two months, as the requested extension essentially *doubles* the time allotted for the management of this case.

In all events, nowhere in either the joint report or counsel's declaration do the parties elaborate on how their compliance with the case management dates would have undermined their ability to engage in "productive settlement negotiations" (Doc. 16 ¶ 5) and the Court is not inclined to assume that the two necessarily are mutually exclusive. Nor have the parties presented any other facts from which the Court could infer that the case has been diligently litigated to find good cause to grant their request for an extension of case management dates. *Zivkovic*, 302 F.3d at 1087. Instead of factually demonstrating diligence, the parties largely rely on the notion that the case management dates should be continued to accommodate their mediation efforts to resolve the case. But the Court's dispositive inquiry focusses on the parties' diligence, not the equities of cost-savings and convenience to the parties.

In short, because the parties fail to demonstrate that good cause exists to grant the requested extension given their inability to demonstrate they have diligently litigated the case, the Court is unable to find that an extension of case management dates is warranted. *Johnson*, 975 F.2d at 609.

**Conclusion and Order**

Accordingly, the parties' joint stipulated request to further amend the class certification scheduling order (Doc. 16) is DENIED.

The mid-discovery status conference set for March 20, 2026 (Doc. 11) is VACATED.

IT IS SO ORDERED.

Dated:    **March 16, 2026**

UNITED STATES MAGISTRATE JUDGE

4