UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRITTANY RAINS, an individual and on behalf of all others similarly situated,

Plaintiff,

v.

OCTAPHARMA PLASMA, INC.,

Defendant.

Case No. 1:25-cv-00638-JLT-CDB

ORDER RE: REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE

(Doc. 24)

**14-Day Deadline**

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

Plaintiff Brittany Rains ("Plaintiff") initiated this employee wage/hour putative class action with the filing of a complaint on April 25, 2025, in Kern County Superior Court, Case No. BCV-25-101509. (Doc. 1). Defendant Octapharma Plasma, Inc. ("Defendant") removed the case to this Court on May 28, 2025. *Id.* On August 25, 2025, the Court entered the operative class certification scheduling order setting forth discovery deadlines and filing dates for Plaintiff's anticipated motion for class certification. (Doc. 11). The Court denied the parties' first stipulated request (filed two months prior to the close of non-expert discovery, *see* Doc. 16) for an eight-month continuance of all case management dates, finding the parties had not diligently litigated the case or shown good cause for any extension. (Doc. 17). On the parties' renewed stipulated request, the Court granted

1

a modest extension of the deadlines by which the parties shall complete all discovery.  (Docs. 20, 21).

On April 27, 2026, counsel for Plaintiff contacted the Court to report that the parties' good faith efforts to resolve issues relating to Defendant's written discovery responses had been unsuccessful and requested to convene for an informal discovery dispute conference.  (Doc. 23). The Court set the matter for an informal discovery dispute conference and the parties filed a joint letter brief.  (Doc. 24).  On May 7, 2026, the Court convened with the parties on the record via Zoom videoconference to address the discovery disputes.  (Doc. 25).  Attorney Kyle Smith and Talia Shapiro appeared on behalf of Plaintiff; attorney Richard Azada appeared on behalf of Defendant.  At the beginning of the conference, the parties agreed to the Court's resolution of the identified discovery disputes on the current record in lieu of motion to compel proceedings under Local Rule 251, preserving only their recourse to seek review of the undersigned's anticipated order by the presiding district judge pursuant to Fed. R. Civ. P. 72(a).

**Discussion**

For the reasons set forth and preserved on the record and described below, including the parties' failure to heed the Court's admonishment in scheduling this case that discovery deadlines are considered by the Court and to be treated by the parties as "firm" (*see* Doc. 17 at 3) (citing scheduling order), the Court finds and orders as follows:

1. Defendants are ORDERED to produce, within fourteen (14) of the date of this Order:

(a) Contact information for all putative class members. *See, e.g., Aldapa v. Fowler Packing Co. Inc.*, 310 F.R.D. 583, 588 (E.D. Cal. 2015) ("Disclosure of contact information for putative class members is a common practice in the class action context."); *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) (same);

(a) Timekeeping data and payroll data for a 25% sample of the relevant employees, in electronic format, consistent with the sampling regime the parties have agreed upon. *See Aldapa*, 310 F.R.D. at 590 ("The Court finds [pay and time records for putative class members] relevant for class certification purposes, as it will provide Plaintiffs with insight as to the cause and scope of any violations."); *see also id*. at

2

589 (after balancing relevant factors, ordering employer to produce pay and time records for 25% sampling of putative class).

(2)  To the extent Defendant produces to Plaintiff in compliance with this order data or information captured from Defendant's information technology systems, computers, and/or network, Defendant shall certify whether and the extent to which the data/information produced satisfies Fed. R. Evid. 803(6).

(3)  Defendant shall initiate meet and confer efforts and attempt to reach agreement with Plaintiff regarding the size of the universe of wage statements to be produced consistent with this order, taking into account and balancing, among other things, Plaintiff's need for the statements in light of the other data/information produced by Defendant and the relative burdensomeness of searching for, collecting, and producing wage statements.

The Court has considered Defendant's privacy concerns/objections and request to implement a *Belaire-West*[1] notice process prior to producing these records, as stated in the parties' joint brief (Doc. 24 at 2, 7-8) and addressed by counsel for Defendant during the discovery dispute conference, but finds in balancing the fact of the parties' stipulated protective order and other considerations addressed on the record that a *Belaire-West* notice process is unwarranted.  *See, e.g., Holland-Hewitt v. Allstate Life Ins. Co*., 343 F.R.D. 154, 175-80 (E.D. Cal. 2022) (collecting and analyzing cases); *Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 287-88 (S.D. Cal. 2018) (same).[2]

**Conclusion and Order**

Accordingly, the parties are HEREBY ORDERED to timely undertake discovery consistent with this order.  Any noncompliance may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **May 7, 2026**                                          _____

UNITED STATES MAGISTRATE JUDGE

---

[1] *See generally Belaire-West Landscape, Inc. v. Super. Ct*., 149 Cal. App. 4th 554 (2007).

[2] As addressed on the record during the discovery dispute conference, the Court is unable to resolve any other discovery disputes referenced in the parties' joint letter brief, aside from those addressed herein, given that the parties did not include with the letter brief and have not provided the Court with copies of the propounded written discovery demands and responses in dispute.